UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| VICTORIA GUIDRY | CIVIL ACTION |
|---|---|
| VERSUS | NO. 16-15252 |
| SOCIAL SECURITY ADMINISTRATION | SECTION "B"(3) |

## ORDER AND REASONS

Pursuant to 42 U.S.C. § 405(g), Plaintiff Victoria Guidry seeks review of the final decision of the Social Security Commissioner denying her claim for a period of disability and disability insurance benefits under Title II of the Social Security Act. Rec. Doc. 22. Following cross-motions for summary judgment (Rec. Docs. 19, 21), the Magistrate Judge issued a Report and Recommendation ("Report") that Plaintiff's case be dismissed with prejudice. Rec. Doc. 22. Plaintiff filed objections to that Report and Recommendation. Rec. Doc. 23. For the reasons outlined below,

**IT IS ORDERED** that the Magistrate Judge's Report is **ADOPTED**, **OVERRULING** Plaintiff's objections;

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment is **DENIED**, and the Commissioner's cross-motion for summary judgment is **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiff's petition is **DISMISSED WITH PREJUDICE.**

**FACTS AND PROCEDURAL HISTORY**

Plaintiff Guidry has previous work experience as a shrimp peeler for a seafood company and as a door greeter at Wal-Mart. Rec. Doc. 23 at 2. Plaintiff fell from her stool while working at the seafood factory on June 19, 2012, resulting in pain in her neck, back, hip, and left upper arm. *Id.* at 2-3. Plaintiff reported that this pain prevented her from sitting for long periods at her job. Rec. Doc. 19-1 at 2. After her attempts to return to work resulted in further pain, Plaintiff began suffering from depression. Rec. Doc. 23 at 3.

Plaintiff filed for disability benefits and Dr. Kinnard performed an orthopedic evaluation of Plaintiff on August 7, 2012. Rec. Doc. 13-7 at 28. Dr. Kinnard released Plaintiff to return to work after Plaintiff's evaluation revealed mild to moderate findings, specifically minimal degeneration of the cervical spine and no evidence of disc herniation. *Id.* Dr. Kinnard further noted that Plaintiff's "degree of subjective complaint far outweighs any objective findings on physical examination and on diagnostic tests." *Id.* However, upon attempting to return to work, Plaintiff reported having continued severe pain in her mid-back, left knee, and left elbow, along with insomnia and depression. Rec. Doc. 23 at 3-4. Plaintiff alleges that this ongoing pain rendered her unable to work beginning in January 2013. *Id.* at 4.

Plaintiff filed for Disability Insurance Benefits on March 22, 2013, and Defendant denied Plaintiff's application for benefits on August 6, 2013. *Id.* Plaintiff then sought and received a hearing before an administrative law judge, which was held on October 9, 2014. *Id.* The ALJ affirmed the denial of Plaintiff's application. Rec. Doc. 13-2 at 22. The ALJ reached this conclusion after considering the medical opinions and objective findings of four doctors, as well as testimony from Plaintiff and vocational expert Beth Drury. *Id.* at 30.

The four doctors offered varying opinions about Plaintiff's abilities. Dr. Guy Lefort performed a consultative physical examination of Plaintiff in July 2013. Rec. Doc. 13-7 at 67. Although Plaintiff displayed some decreased range of motion in her neck, she had a normal gait and full range of motion elsewhere. *Id.* at 71. Plaintiff exhibited "normal pushing, pulling, crouching, squatting, and stooping," and she was able to climb on and off the examination table with no assistance. *Id.* Dr. Lefort reported that Plaintiff would have trouble reaching for objects for a sustained period of time, which would make her job as a shrimp peeler "difficult." *Id.*

Dr. William Fowler performed a psychological evaluation of Plaintiff in July 2013, after which he recommended that Plaintiff be limited to performing simple, repetitive tasks for short periods of time. *Id.* at 77. Dr. Fowler noted that Plaintiff's "pace and

3

performance may negatively be affected and she may be more unreliable over extended periods." *Id.*

Dr. Charles Lee, a non-treating physician, performed a review of Plaintiff's medical records through July of 2013 and determined that Plaintiff was not disabled. Rec. Doc. 13-3 at 13. Dr. Lee based these opinions upon mental evaluations—which described Plaintiff's ability to work as either "moderately" or "not significantly" limited—as well as physical evaluations, which suggested only partial limitations on physical work such as lifting, climbing, and crouching. *Id.* at 8-11.

Finally, Dr. Theryll Johnson, Plaintiff's treating physician, composed a single-sentence "To Whom It May Concern" letter on March 18, 2014. It states that Plaintiff is unable to work due to severe back pain and depression. Rec. Doc. 13-7 at 113.

The ALJ considered the totality of the objective medical evidence, Plaintiff's credibility, the conservative nature of Plaintiff's treatment, and the record as a whole, before concluding that Plaintiff was not "a totally disabled individual." Rec. Doc. 13-2 at 21. The ALJ found that Plaintiff had a residual functioning capacity ("RFC") that allowed her to perform simple, routine, repetitive work with the following limitations: frequently operate left foot controls; occasionally climb, balance, stoop, crouch, kneel and crawl; and frequently reach and perform overhead reaching with the non-dominant left upper extremity. *Id.* at 16. Accordingly,

4

the ALJ determined that Plaintiff could return to her former work as a door greeter or shrimp peeler or seek other light, unskilled jobs that exist in Louisiana and the rest of the country. *Id.* 21-22.

On August 4, 2016, the Appeals Council denied Plaintiff's request to review the ALJ's decision, after which Plaintiff filed the instant action. Rec. Doc. 22 at 2. Plaintiff filed a Motion for Summary Judgment on April 4, 2017 (Rec. Doc. 19), and Defendant filed a Cross Motion for Summary Judgment on May 26, 2017 (Rec. Doc. 21). Magistrate Judge Knowles issued a Report and Recommendation affirming the ALJ's decision to dismiss Plaintiff's claims. Rec. Doc. 22. Plaintiff subsequently filed a memorandum raising objections to the Magistrate Judge's report. Rec. Doc. 23.

**LAW AND ANALYSIS**

    **A. Standard of Review**

When a claimant challenges a decision of the Social Security Administration Commissioner, the district court determines (1) whether the decision is supported by "substantial evidence", and (2) whether the evidence was evaluated using the proper legal standards. 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). If the Commissioner's findings are supported by substantial evidence and conform to the applicable legal standards for evaluation, "they are conclusive and must be affirmed." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial

evidence" exists whenever the Commissioner has "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

In such cases, it is not the Court's function to "reweigh the evidence in the record, nor try the issues de novo, nor substitute [its] own judgment for that of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision." *Id.* at 343. The determination of conflicts of fact is for the Commissioner to decide. *See Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1985).

### B. The ALJ properly weighed the medical opinions of Plaintiff's treating and non-treating physicians

The ALJ evaluated the opinions of Plaintiff's treating and non-treating physicians when deciding that Plaintiff is not disabled. But Plaintiff argues that the ALJ should have deferred to a letter from Dr. Johnson, a treating physician, which states that Plaintiff cannot work. *See* Rec. Doc. 23 at 10. The ALJ's decision to rely on opinions from non-treating physicians was proper because Dr. Johnson's letter asserts a legal conclusion.

On March 18, 2014, Dr. Johnson wrote a letter regarding Plaintiff's disability status addressed "To Whom It May Concern." Rec. Doc. 13-7 at 113. The letter simply stated that the Plaintiff "is unable to work because of chronic severe lower back pain and

depression." *Id.* This constitutes an expression of a legal opinion reserved for the Commissioner and therefore is not a medical opinion. *See* 20 C.F.R. § 404.1527(d). The Social Security Administration regulations state that the Commissioner shall not "give any special significance to the source" of such conclusory non-medical opinions. *Id.* § 404.1527(d)(3). Therefore, the ALJ's decision to not adopt the opinion expressed in Dr. Johnson's letter comports with administrative regulations.

The ALJ's actions are also supported by case law. The opinion of a treating physician typically "should be accorded great weight in determining disability." *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985). However, the ALJ has the sole and final responsibility of determining whether a claimant is disabled, *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990), and therefore may give "less weight, little weight, or even no weight" to the treating physician's testimony when good cause is shown. *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). Good cause exists when a treating physician's statements "are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *Id.* Dr. Johnson's letter constitutes a conclusory opinion on a legal issue reserved for the Social Security Commissioner.

Plaintiff also contends that because the ALJ declined to give controlling weight to her treating physician's opinion, the ALJ

7

was required to perform the detailed analysis outlined in *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000). In *Newton*, the Fifth Circuit, citing 20 C.F.R. § 404.1527, established a list of factors that must be considered when the ALJ does not give "controlling weight" to the opinion of the claimant's treating physician. *Id.* at 455. However, *Newton* is distinguishable from the instant case because *Newton* was "not a case where there is competing first-hand medical evidence and the ALJ finds as a factual matter that one doctor's opinion is more well-founded than another." *Id.* at 458.

Rather, *Newton* involved an ALJ's rejection of the claimant's treating physician in favor of the opinion of a non-specialty medical expert who had not personally examined the claimant. *Id.* The Fifth Circuit later provided further clarity in stating "the *Newton* court limited its holding to cases where the ALJ rejects the sole relevant medical opinion before it." *Qualls v. Astrue*, 339 F. Appx. 461, 467 (5th Cir. 2009); *see also Cain v. Barnhart*, 193 F. Appx. 357, 360 (5th Cir. 2006)("[T]he ALJ was not required to go through all six steps in *Newton* in the face of competing first-hand medical evidence.").

The instant case does not involve the rejection of the sole source of first-hand medical evidence. The Commissioner determined Plaintiff's RFC using the results of physical and psychological evaluations from multiple doctors. Rec. Doc. 13-2 at 18-20.

Therefore, the ALJ did not err in declining to perform the *Newton* analysis and the ALJ's weighing of evidence was proper.

Plaintiff finally argues that the ALJ "primarily and erroneously relied on Dr. Lee's opinion" despite the fact that his opinion was solely based on a review of Plaintiff's medical records as of July of 2013 and had less restrictive findings than did Plaintiff's treating physicians. Rec. Doc. 23 at 11. But Plaintiff is incorrect. While the ALJ did give great weight to Dr. Lee's opinion, this was not the sole source upon which she based her RFC determination. Rec. Doc. 13-2 at 20. The ALJ also gave great weight to Dr. Lefort's consultative physical examination and partial weight to Dr. Fowler's psychological examination. *Id.* The ALJ then compared the objective medical findings of these and other examinations against Plaintiff's subjective complaints of pain to determine her credibility and assess her disability status. *Id.* This assessment also included consideration of the opinion of vocational expert Beth Drury. *Id.* at 22. Therefore, Plaintiff's objection is without merit.

**C. The ALJ's decision is supported by substantial evidence**

Plaintiff argues that the ALJ's decision to deny Plaintiff disability benefits is not supported by substantial evidence. Rec. Doc. 23 at 15. In order to determine whether a claimant is entitled to disability benefits under the Social Security Act, a plaintiff must prove that she is "unable to engage in any substantial gainful

9

activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Social Security administration developed a five-step evaluation to determine whether the claimant's impairment meets the requisite standards. 20 C.F.R. § 404.1520. The Fifth Circuit has articulated the process:

> "First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is 'severe' if it 'significantly limits [a claimant's] physical or mental ability to do basic work activities.' Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education, and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work."

*Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999). Here, at the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activities since the alleged disability onset date of August 1, 2013. Rec. Doc. 13-2 at 14. The ALJ further

found, at the second step, that Plaintiff had the following impairments that would be considered "severe": degenerative disc disease of the spine; osteoarthritis of the left elbow, hip, and knee; and depression. *Id.*

However, the ALJ stated, at the third step, that the evidence failed to establish an impairment or combination of impairments, either mental or physical, which rose to the level of severity necessary for a finding of disability. *Id.* at 16. Accordingly, at the fourth step, the ALJ found that Plaintiff has the residual functional capacity to perform light work under 20 C.F.R. § 404.1567(b) with certain mental and physical limitations. *Id.* at 20. The ALJ concluded that Plaintiff is capable of performing her past work as a shrimp peeler and door greeter, as well as other jobs existing in the national economy that can be performed with these limitations. *Id.* at 21.

When examining whether an ALJ based her RFC determination on substantial evidence, a court examines four factors: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). The ALJ reasoned that Plaintiff could return to work with physical and mental limitations, each will be addressed in turn.

The ALJ limited the work in which Plaintiff could engage to "light" work with the following specific limitations: frequently operate left foot controls; occasionally climb, stoop, crouch, kneel, and crawl; and frequently reach and perform overhead reach with the left upper arm. Rec. Doc. 13-2 at 16. Plaintiff contends that the ALJ erred by not including a limitation on sustained reaching, which would be more consistent with the entirety of Dr. Lefort's findings. Rec. Doc. 23 at 12-13. Plaintiff claims that the ALJ "cannot 'pick and choose' only the evidence that supports [her] position." *Id.* (citing *Loza v. Apfel*, 219 F.3d 378, 394 (5th Cir. 2000)). However, an ALJ is not required to adopt each treating physician's opinion wholesale. *Cf. Loza*, 219 F.3d at 393 (remanding because the ALJ failed to examine the medical evidence on record as a whole). Rather, an ALJ must examine the combined effect of a claimant's impairments to make a disability determination based on the record as a whole. *See id.*

In deciding against adopting the sustained reaching limitation in favor of a frequent reaching limitation, the ALJ looked to the record as a whole and the objective medical findings of Dr. Lefort and others. The ALJ, in formulating the specific physical limitations for Plaintiff's RFC, found that the mostly mild objective findings of the various physical examinations and the conservative treatment by Plaintiff's physicians warranted a

limitation of only frequent reaching with Plaintiff's upper left arm. *See* Rec. Doc. 13-2.

Furthermore, the ALJ found that Plaintiff's statements "concerning the intensity, persistence, and limiting effects" of her conditions "are not entirely credible" in light of the objective medical examinations showing mild to moderate results. *Id.* at 17. While the Social Security Act has considered pain alone to be sufficient to constitute disability in certain cases, the pain must be "constant, unremitting, and wholly unresponsive to therapeutic treatment." *Hames v. Heckler*, 707 F.2d 162, 166 (5th Cir. 1983). The evidence as a whole does not support a finding that Plaintiff's pain rises to this level. Plaintiff underwent x-rays of her pelvis and spine, which revealed mostly normal results. Rec. Doc. 13-2 at 18. Treatment for Plaintiff's pain was limited to injections and medications rather than surgery. *Id.* at 18. The ALJ correctly concluded that this objective medical evidence did not support Plaintiff's claims of debilitating pain. *Id.* at 17. Therefore, the ALJ's determination is not the result of the "picking and choosing" of portions of medical opinions, but rather it is supported by substantial evidence in the record as a whole.

The ALJ also imposed psychological limitations on the work that Plaintiff could do, specifically that Plaintiff could perform simple, routine tasks for short periods. *Id.* at 16. Plaintiff alleges that the ALJ erred by incorporating part of Dr. Fowler's

mental status assessment, but omitting the portion of the opinion stating that she could not do this for sustained periods. Rec. Doc. 23 at 14. Dr. Fowler's examination in July 2013 revealed self-reported depression, confusion, and diminished interest in social activities. Rec. Doc. 13-7 at 75-76. The results of the examination led Dr. Fowler to recommend that Plaintiff be limited to carrying out simple, repetitive work for short periods, "but that pace and performance may negatively be affected and she may be more unreliable over extended periods." *Id.* at 77.

But there was additional psychological evidence in the record that showed Plaintiff's psychological condition was improving. In addition to Dr. Fowler's opinion, the ALJ also considered the results of a psychiatric system evaluation performed on November 13, 2013, as well as evaluations by the Leonard Chabert Medical Health Center, Terrebonne Mental Health, and South Central Louisiana Human Services. Rec. Doc. 13-2 at 19. The November 2013 evaluation revealed that Plaintiff suffered from irritable and depressed mood, restricted affect, hyperactive behavior, compulsions, and impaired judgment and impulse control. *Id.* She was also diagnosed with Major Depressive Disorder. *Id.* However, Plaintiff displayed normal speech, cooperative attitude, logical thought processes, full orientation, normal remote and recent memory, and normal intellectual functioning. *Id.* Furthermore, Plaintiff reported enjoying playing pool with friends and

expressed plans to do so in the future. *Id.* Her highest global assessment functioning score was 62, which indicates only moderate functional limitation. *Id.* In August 2014, at a session that revealed normal psychiatric results, Plaintiff self-reported that her depression was well controlled by medication. *Id.*

The ALJ reviewed these records in their entirety and determined that these mild to moderate findings along with the pattern of conservative treatment did not indicate total disability. *Id.* at 21. The ALJ's adoption of a portion of Dr. Fowler's recommendations and the omission of other portions was a decision based upon the entirety of the record, which indicated that the Plaintiff's mental health had shown improvement by August 2014 through treatment and the effective use of medication. *Id.* at 19. Therefore, the ALJ's determination that Plaintiff can perform light work with some limitations was based on substantial evidence in the record, and Plaintiff's objection is without merit.

Given that the ALJ's decision is supported by substantial evidence, Plaintiff's final objection is moot. Plaintiff argues that the ALJ should have applied Medical-Vocational guideline 201.09.[1] But the ALJ properly declined to apply that guideline because it is only applicable when the ALJ has reached step 5 of

---

[1] This Grid Rule instructs an ALJ to find that a claimant is disabled if she is limited to sedentary work, is closely approaching an advanced age, has at most a limited education level, and has previous experience as an unskilled worker (if any). 20 C.F.R. Pt. 404, App. 2 § 201.09.

15

the analysis and the claimant is restricted to sedentary work. *Wren v. Sullivan*, 925 F.2d 123, 129 (5th Cir. 1991); 20 C.F.R. Pt. 404, App. 2 § 201.09. Here, the ALJ found that Plaintiff could so light work and disposed of her claim at stage 4 of the analysis. Rec. Doc. 13-2 at 21. The guideline is therefore inapplicable.

Accordingly, judgment in Defendant Secretary's favor will be entered.

New Orleans, Louisiana this 4th day of December 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE